## L. G. MALLARD v. STATE.

No. A-8359.   Feb. 3, 1933.
(18 Pac. [2d] 1097.)

Joe S. Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The defendant, L. G. Mallard, was on the 7th day of November, 1931, found guilty by a jury in the district court of Okmulgee county of the crime of robbery with firearms and his punishment fixed at imprisonment in the state penitentiary for a term of 20 years. Judgment was pronounced on the verdict on the 14th day of November, 1931, and an appeal has been taken to this court, in which appeal the plaintiff in error relies upon several grounds for reversal.

The court has made a careful examination of the record in this case and has given thoughtful consideration of the various errors assigned as grounds for reversal. Among such errors are the improper admission of incompetent evidence. An examination of the record discloses that perhaps some slightly incompetent evidence was admitted, but we are of the opinion that the error here complained of was not of sufficient importance to justify this court in reversing the judgment. It is also contended that the evidence is insufficient to support the verdict. There is some conflict in the evidence, but the state's evidence, if believed, authorized the jury to find the defendant guilty and that is sufficient, as this court will not, in a case where the evidence is conflicting, substitute its judgment for that of the jury. It is sufficient to say the evidence is sufficient if there is a reasonable foundation of fact to support a conclusion that the defendant is guilty of the crime charged.

Counsel for the plaintiff in error submit also in the brief filed that if this court reaches the conclusion that none of the errors relied upon are sufficient to justify a reversal of the judgment, the sentence imposed should be modified in that it is extremely severe and evidently the result of passion and prejudice on the part of the jury. This court is inclined to view with favor the argument presented in support of this contention. The record in this case discloses that this was the second trial of this defendant on this charge, the first trial resulting in a mistrial because of a hung jury. The defendant was compelled to immediately go into this trial the very next day after the jury failed to agree in the first trial. His codefendant, who, the record shows, was the one who had possession of the firearms at the time of the alleged commission of this offense, was tried subsequently to the con-

viction of this defendant and the punishment imposed upon him for the commission of this same offense was imprisonment in the penitentiary for five years. The Attorney General is not averse to a modification of this judgment.

In view of all the circumstances surrounding the commission of this crime, and in view of the fact that the punishment assessed on the codefendant by a different jury was only imprisonment for five years, where the facts show that the codefendant was the person who used the firearm, we believe that substantial justice requires that this judgment be modified to imprisonment in the state penitentiary for a term of five years. Therefore, the judgment is modified to imprisonment of this defendant in the state penitentiary for a term of five years, and as so modified the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.